UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| VIRGIN VALLEY WATER DISTRICT, | ) | |
| Plaintiff, | ) | Case No. 2:09-cv-00309-LRH-PAL |
| vs. | ) | **ORDER** |
| VG PIPE LLC, *et al.,* | ) | (Emg. Mot for Protective Ord - Dkt. #115) |
| | ) | (Emg. Mot for Protective Ord - Dkt. #116) |
| Defendants. | ) | |

The court conducted a hearing on July 27, 2010 on Plaintiff's Emergency Motion for Protective Order to Limit Multiple "PMK" Depositions (Dkt. #115), and Defendants' Emergency Motion for Protective Order as to Discovery Related to Punitive Damages (Dkt. 116). Georlen Spangler and Matthew Forstadt appeared on behalf of the Plaintiff, and David Kahn and Trevor Hatfield appeared on behalf of the Defendants.

### 1. **Plaintiff's Emergency Motion for Protective Order (Dkt. #115).**

Plaintiff's Motion for Protective Order sought an order precluding the Defendants from proceeding with multiple Rule 30(b)(6) depositions scheduled for June 29, 2010. The Rule 30(b)(6) notice listed seventy topics or areas of testimony from one or more of Plaintiff's corporate designees. Plaintiff argues that the scheduled 30(b)(6) deposition was in violation of the court's limitation of twenty depositions per side. Additionally, Plaintiff argues the notice violates the provisions of Rule 30(a)(2) because Defendants have already taken a Rule 30(b)(6) deposition of Plaintiff's corporate designee, and did not seek leave of court to conduct an additional 30(b)(6) deposition.

Defendants oppose the motion contending Defendants were only attempting to obtain discovery necessitated by Plaintiff's recent damages claim which has substantially changed near the close of discovery. Defense counsel understood that Plaintiff was seeking approximately $1,000,000 in

damages to repair the pipe involved in this litigation.  However, when expert reports were served, the damages increased to nearly $8,000,000 "essentially overnight".  More significantly to defense counsel, after Plaintiff disclosed its experts, counsel for Plaintiff served a Rule 26(a)(1) damages calculation which estimated damages of nearly $20,000,000, $16,000,000 of which was based on a calculation of prospective damages going forward fifty years.  That calculation is based on the assumption that the streets where damaged pipe will need to be repaired will need to be re-paved with asphalt a distance of 100 feet and the width of the roadway, or thirty-six feet.  The opposition also identified some minor issues that needed follow-up discovery as a result of the expert designations and information contained in their reports.

Discovery closed July 8, 2010.  After the motion was filed and before the hearing, counsel for Defendants concluded a number of depositions, including the Plaintiff's experts.  The court inquired at the hearing whether the additional discovery that had been completed rendered Defendants' need for testimony on the seventy topics moot.  Counsel for Defendants stated that he had believed he had received most of the information required, but identified by deposition notice topic number the areas in which he still had questions.  With respect to each subject matter area identified by Defendants' counsel during the hearing, Plaintiff's counsel represented that Plaintiff had produced all documents and testimony supporting its positions on liability and damages.  Defendants' counsel acknowledged that if that representation was accurate, the motion was moot.  The court advised counsel for Plaintiff that if Plaintiff had not produced all responsive documents or supported its contentions in other discovery responses, including deposition testimony, that Plaintiff would be precluded from relying upon it at trial or motion practice.  Additionally, Defendant may raise any issue concerning the foundation and/or support for Plaintiff's experts' opinions at trial or in a motion in limine.

**2.     Defendants' Emergency Motion for Protective Order (Dkt. #116).**

The Defendants' Emergency Motion for Protective Order seeks to preclude the Plaintiff from obtaining discovery of Defendants' financial information, which Plaintiff requested for the purpose of establishing its punitive damages claim.  Defendants argue that under Nevada law, a Plaintiff must show the Defendant acted with oppression, fraud or malice to recover punitive damages, and that Plaintiff has developed no evidence during discovery to support such a claim.  Defendant intends to file

a Motion to Strike and/or for Summary Judgment challenging Plaintiff's punitive damages claim. Therefore, the court should enter a protective order precluding the Plaintiff from discovery of the Defendants' financial information at this time.

Plaintiff's opposition articulates its position that Defendants' manufacture and sale of pipe which it knew or should have known was defective for its intended use makes them liable for punitive damages. Plaintiff acknowledges that to be entitled to discovery on punitive damages, it must demonstrate evidence Defendant engaged in conduct for which punitive damages are recoverable. Plaintiff also acknowledges that the Nevada Supreme Court has held that, before discovery of financial condition is discoverable on the issue of punitive damages, the Plaintiff must demonstrate some factual basis for its punitive damage claim, but argues it has made a sufficient showing.

During the hearing, the court inquired whether counsel for Defendants had any objection to the scope of Plaintiff's request for financial records. Counsel for Defendants indicated that he had collected the financial statement that Plaintiff had requested, and that his only objection was to producing the information before the court had decided whether Plaintiff could pursue its punitive damages claim.

The court indicated that it was inclined to require the Defendants to collect the documents and to produce them within fifteen days of decision of any dispositive motion addressing Plaintiff's punitive damage claim if it survived. Plaintiff's counsel had no objection to this procedure.

Having reviewed and considered the matters,

**IT IS ORDERED**:

1. Plaintiff's Emergency Motion for Protective Order is **DENIED as moot.** However, having assured the court and opposing counsel that Plaintiff has produced all responsive documents and provided the Defendants with all testimony and evidence supporting Plaintiff's liability and damages claims, Plaintiff will be precluded from relying upon or adducing any evidence not produced during discovery.

2. Defendants' Emergency Motion for Protective order is **GRANTED**. Defendants shall collect and maintain financial information responsive to Plaintiff's Request for

///

1 | Production of Defendants' financial information and serve them within fifteen days of
2 | decision of dispositive motions if Plaintiff's punitive damage claim survives.
3 | Dated this 28th day of July,

_____
Peggy A. Leen
United States Magistrate Judge