1

2

3

4

5                        UNITED STATES DISTRICT COURT

6                              DISTRICT OF NEVADA

7                                            * * *
                                              )
8    VIRGIN VALLEY WATER DISTRICT,            )
                                              )
9              Plaintiff,                     )        2:09-cv-00309-LRH-PAL
                                              )
10   v.                                       )
                                              )        ORDER
11   VANGUARD PIPING SYSTEMS                   )
     (CANADA), INC.; et al.,                  )
12                                            )
               Defendants.                    )
13   _____    )

14        Before the court is defendants VG Pipe, LLC; Viega, LLC; and Viega NA, Inc.'s

15   (collectively "defendants") motion for partial summary judgment number 5 as to time-barred

16   claims due to statutes of limitations. Doc. #131.[1] Plaintiff Virgin Valley Water District ("Virgin

17   Valley") filed an opposition (Doc. #148) to which defendants replied (Doc. #163).

18   **I.    Facts and Background**

19        Virgin Valley is a political subdivision of the State of Nevada and is responsible for the

20   care and maintenance of underground residential water service lines in and around Mesquite,

21   Nevada. This action arises out of Virgin Valley's allegations that the high-density piping and

22   tubing used in the construction of underground water service lines were defectively designed

23   and/or manufactured by defendants.

24   ///

25

26
          [1] Refers to the court's docket entry number.

1    **II.     Legal Standard**

2          Summary judgment is appropriate only when "the pleadings, depositions, answers to

3    interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

4    genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

5    of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together

6    with all inferences that can reasonably be drawn therefrom, must be read in the light most

7    favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

8    U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir.

9    2001).

10          The moving party bears the burden of informing the court of the basis for its motion, along

11    with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*,

12    477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party

13    must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could

14    find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.

15    1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

16          To successfully rebut a motion for summary judgment, the non-moving party must point to

17    facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson*

18    *Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the

19    outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

20    (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is

21    not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material

22    fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for

23    the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of

24    evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute;

25    there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

26

2

1    **III.    Discussion**

2         On February 13, 2009, Virgin Valley filed a complaint against defendants for damages

3    resulting from the leak of defendants' manufactured polyethylene pipe. Doc. #1. During discovery,

4    Virgin Valley retained expert Peter Badala ("Badala") to compute Virgin Valley's past damages. In

5    his damage calculation, Badala included the cost for repairs of leaks beginning in June 30, 2004.

6         The applicable statutes of limitations for all of Virgin Valley's causes of action are four (4)

7    years. *See* NRS 11.190(2)(c); NRS 104.2725; NRS 11.220. Virgin Valley filed its complaint on

8    February 13, 2009. Thus, defendants argue that all claims for damages prior to February 13, 2005,

9    are time-barred by the applicable statute of limitations and should be excluded from any past

10   damage computations. *See* Doc. #131.

11        Generally, the statute of limitations begins to run when a party sustains an injury. *Petersen*

12   *v. Bruen*, 792 P.2d 18, 20 (Nev. 1990). However, there is an exception to the general rule known as

13   the "discovery rule." *Id.* "Under the discovery rule, the statutory period of limitations is tolled until

14   the injured party discovers or reasonably should have discovered facts supporting a cause of

15   action." *Id.*; *see also, Beazer Homes Nev., Inc. v. Eight Judicial Dist. Court*, 97 P.3d 1132, 1138

16   (Nev. 2004). In a products liability action, "[a] cause of action accrues once the plaintiff knows of

17   the injury and the causal connection between the defendant's product and that injury." *Mack v.*

18   *A.H. Robins Co., Inc.*, 573 F. Supp. 149, 154 (D. Ariz. 1983).

19        Here, Virgin Valley only alleges six repairs outside of the applicable statute of limitations

20   that are included in Badala's past damages computation. Virgin Valley contends that these initial

21   leaks were sporadic in nature and were throughout the entirety of its service lines; they were not

22   isolated to specific subdivisions and they did not occur with increasing regularity. Further, Virgin

23   Valley contends that the exact cause of the leaks was not readily apparent and that it had to

24   investigate the leaks and pipe at issue to discover sufficient information to link the leaks to a

25   manufacturing defect in defendants' pipe. *See Mack*, 573 F. Supp. At 154.  Further, upon discovery

26

1   of a possible manufacturing defect, Virgin Valley sent a service complaint to defendants outlining

2   its findings in July 2005, barely a year after the first leak. Therefore, based on the record before the

3   court, and the pleadings and documents on file in this matter, the court finds that Virgin Valley has

4   sufficiently invoked the discovery rule to cover the repairs beginning in June 2004. Accordingly,

5   the court shall deny defendants' motion for partial summary judgment.

6

7        IT IS THEREFORE ORDERED that defendants' partial motion for summary judgment

8   number 5 (Doc. #131) is DENIED.

9        IT IS SO ORDERED.

10        DATED this 12th day of January, 2011.

11

12                                   _____

                                     LARRY R. HICKS

13                                 UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26