1

2

3

4

5                         UNITED STATES DISTRICT COURT

6                              DISTRICT OF NEVADA

7                                     * * *
                                        )
8    VIRGIN VALLEY WATER DISTRICT,      )
                                        )
9              Plaintiff,               )        2:09-cv-00309-LRH-PAL
                                        )
10   v.                                 )
                                        )        ORDER
11   VANGUARD PIPING SYSTEMS            )
     (CANADA), INC.; et al.,            )
12                                      )
               Defendants.             )
13   _____)

14         Before the court is defendants VG Pipe, LLC; Viega, LLC; and Viega NA, Inc.'s

15   (collectively "defendants") motion to strike various expert reports and expert witness opinions.

16   Doc. #134.[1] Plaintiff Virgin Valley Water District ("Virgin Valley") filed an opposition

17   (Doc. #154) to which defendants replied (Doc. #159).

18   **I.      Facts and Background**

19         Virgin Valley is a political subdivision of the State of Nevada and is responsible for the

20   care and maintenance of underground residential water service lines in and around Mesquite,

21   Nevada. This action arises out of Virgin Valley's allegations that the high-density piping and

22   tubing used in the construction of underground water service lines was defectively designed and/or

23   manufactured by defendants.

24         As part of discovery in this matter, plaintiff Virgin Valley retained various experts to

25

26         [1] Refers to the court's docket entry number.

provide written reports and opinions for use at trial including Leslie Henley ("Henley"), paving expert; Peter Badala ("Badala"), damage contention expert; Dr. Robert Clark ("Dr. Clark"), polyethylene pipe expert; and Dr. Brian Martin ("Martin"), future damages expert. Defendants now ask the court to strike or exclude these experts' reports. Doc. #134.

**II.   Discussion**

The instant motion, although titled a motion to strike, is essentially a motion in limine to exclude evidence from trial, namely various expert reports and opinions, and the court shall consider it as such.

In their motion, defendants argue that the various experts' reports and opinions are unreliable and should be excluded under Federal Rule of Evidence 702 and in accordance with the *Daubert* evidence trilogy: *Daubert v. Merrell-Dow Pharms., Inc.*, 509 U.S. 579 (1993); *General Electric Co. v. Joiner*, 522 U.S. 136 (1998); and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). Federal Rule of Evidence 702 permits testimony on "scientific, technical, or other specialized knowledge" by experts qualified by "knowledge, skill, experience, training, or education" if the testimony is both relevant and reliable. Fed. R. Evid. 702. Expert testimony is reliable if it is "based upon sufficient facts or data," "the product of reliable principles and methods," and the expert "applies the principles and methods reliably to the facts of the case." *Id*.

Here, defendants do not dispute the experts' qualifications or experience. Rather, defendants challenge the reliability of the experts' opinions arguing that their reports and opinions are not "based upon sufficient facts or data" to be reliable under the federal rules. *See Daubert*, 509 U.S. 579; Fed. R. Evid. 702. Specifically, defendants argue that expert Henley's report contains damage computations which are not supported by the facts; expert Badala's past damages computation includes payment for items that should not be included; expert Dr. Clark's report is based on a section of pipe which was not used by defendants' own pipe expert; and expert Dr. Martin's report used disputed lateral installations in his calculations and future damage

2

computations. Therefore, defendants contend that Virgin Valley's experts' reports should be stricken form the record.

Initially, the court finds that the present motions in limine are premature. Generally, a motion in limine should not be adjudicated until the eve of trial, after a pre-trial order has been filed, and the parties have identified their expert witnesses. *See Jones v. Harris*, 665 F. Supp. 2d 394 (S.D. NY 2009). Here, the parties have not yet filed a pre-trial order or identified which of their retained experts will testify at trial.

Additionally, the court finds that defendants are in essence challenging the ultimate conclusions of Virgin Valley's experts. For example, defendants argue that expert Badala's report is improper because he includes costs of machinery and manpower other than those directly used to repair pipe leaks which are contested by defendants' retained experts. Moreover, defendants argue that expert Henley's report is unreliable because defendants experts argue that there is no local ordinance of state statute which allows Virgin Valley to seek re-paving expenses. A court should not strike expert testimony under *Daubert* simply because the parties dispute the expert's ultimate conclusions. *See Daubert*, 509 U.S. at 594-595 ("The inquiry envisioned by Rule 702 is . . . the scientific validity and thus evidentiary relevance and reliability of the principles that underlie a proposed submission. The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate.").

Furthermore, defendants arguments involve factual disputes between the parties, including the proper calculation of past and future damages, which go to the weight that should be afforded to the expert reports by the jury and not the admissibility of the evidence at trial. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Accordingly, the court shall deny defendants' motion.

///

3

IT IS THEREFORE ORDERED that defendants' motion to strike (Doc. #134) is DENIED.

IT IS SO ORDERED.

DATED this 12th day of January, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4