UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VIRGIN VALLEY WATER DISTRICT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>VANGUARD PIPING SYSTEMS (CANADA), INC.; et al.,<br><br>　　　　Defendants. | 2:09-cv-00309-LRH-PAL<br><br>ORDER |

Before the court is defendants VG Pipe, LLC; Viega, LLC; and Viega NA, Inc.'s (collectively "defendants") motion for partial summary judgment number 4 as to damages for replacement of non-leaking pipes. Doc. #129.[1] Plaintiff Virgin Valley Water District ("Virgin Valley") filed an opposition (Doc. #146) to which defendants replied (Doc. #160).

## I.   Facts and Background

Virgin Valley is a political subdivision of the State of Nevada and is responsible for the care and maintenance of underground residential water service lines in and around Mesquite, Nevada. This action arises out of Virgin Valley's allegations that the high-density piping and tubing used in the construction of underground water service lines were defectively designed and/or manufactured by defendants.

---

[1] Refers to the court's docket entry number.

On February 13, 2009, Virgin Valley filed a complaint against defendants for damages resulting from the leak of defendants' manufactured polyethylene pipe. Doc. #1. On February 16, 2010, Virgin Valley filed an amended complaint against defendants alleging six causes of action: (1) products liability; (2) strict products liability; (3) breach of implied warranty; (4) breach of warranty of merchantability; (5) negligence; and (6) negligent misrepresentation. Doc. #79. At the time Virgin Valley filed its amended complaint, it had replaced 666 of defendants' pipes, 418 of which had already leaked and 148 of which were incidental repairs on pipes that were not leaking but were in the same lateral trench as a leaking pipe. Defendants subsequently filed the present motion for partial summary judgment as to past damages for incidental repairs on pipes that were not leaking. Doc. #129.

## II.     Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

In their motion for summary judgment, defendants argue that Virgin Valley is seeking damages for the repair of 148 pipes that had not failed at the time they were replaced. Specifically, defendants argue that the $39,493 in damages sought by Virgin Valley for the replacement of pipes that did not fail is entirely speculative and should be excluded because there is no evidence that those pipes would have failed and needed to be replaced.

In opposition, Virgin Valley argues that the incidental repair of the non-leaking pipes was necessary in order to mitigate its damages. In Nevada, a plaintiff has a duty to mitigate damages and "cannot recover for damages which could have been avoided by the exercise of reasonable care." *Southern Pacific Transportation Co. v. Fitzgerald*, 577 P.2d 1234, (pin cite) (Nev. 1978).

In support of their position, Virgin Valley provides the testimony of one of its employees, Michael Winters ("Winters"), and its various retained experts. Winters testified in his deposition that the replacement of a single failure involved a construction process taking approximately 4 hours and consisting of breaking up the asphalt street surface with a back hoe or jack hammers; using a back hoe to dig a trench to the depth of the leaking pipe; using shovels to expose the

3

leaking lateral; replacing the lateral which runs from the main to the meter; filing up the trench; compacting and tamping the fill material and then doing an emergency patch over the now filled up trench. *See* Doc. #146, Exhibit 2, Winters Depo., p.92-93. The cost to replace a leaking pipe under this process was $2,127.00 per pipe. Doc. #146, Exhibit 5. Virgin Valley contends that earlier in the repair cycle, prior to its realization that there was a manufacturing defect in the pipes, it would leave a non-leaking pipe in place and replace only a leaking pipe in the same trench. However, it would then have to go back and re-trench the street to replace the non-leaking pipe once it began to leak resulting in increased repair costs. *See* Doc. #146, Exhibit 4, Tietjen Depo., p.41-42. Therefore, Virgin Valley argues it was necessary for it to start replacing the additional non-leaking pipes found in the same lateral trench as a leaking pipe to reduce costs and mitigate their damages because the cost for such an incidental repair was only $248.00. Doc. #146, Exhibit 5.

      The court has reviewed the documents and pleadings on file in this matter and finds that, taking all the evidence in the light most favorable to Virgin Valley as the non-moving party, Virgin Valley has established that a jury could find that Virgin Valley's incidental repairs were a reasonable attempt to mitigate its damages. Although defendants argue that such mitigation is improper because there is no proof that each of those replaced pipes would have actually failed, this is not the issue of fact for the jury to decide because Virgin Valley's retained experts contend that defendant's pipes will continue to leak for the next fifty years. *See* Doc. #146, Exhibit 5. Further, it is also an issue for the jury to determine if the replacement of the non-leaking pipes was an attempt to mitigate Virgin Valley's damages by reducing the need to re-excavate the street and whether Virgin Valley can collect on those incidental repairs. *See e.g., Kelleher v. Marvin Lumber and Cedar Co.*, 891 A.2d 477, 497 (N.H. 2006) (holding that the question of whether it was appropriate for plaintiffs to take a specific action in order to mitigate damages is a question for the jury). Accordingly, the court shall deny defendants' motion for partial summary judgment.

///

4

1  IT IS THEREFORE ORDERED that defendants' partial motion for summary judgment
2 number 4 (Doc. #129) is DENIED.
3  IT IS SO ORDERED.
4  DATED this 15th day of January, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE