UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

VIRGIN VALLEY WATER DISTRICT,

      Plaintiff,

v.

VANGUARD PIPING SYSTEMS (CANADA), INC.; et al.,

      Defendants.

2:09-cv-00309-LRH-PAL

ORDER

Before the court is defendants VG Pipe, LLC; Viega, LLC; and Viega NA, Inc.'s (collectively "defendants") motion for partial summary judgment number 6 as to damages that violate the economic loss doctrine and as to speculative damages both past and future. Doc. #135.[1] Plaintiff Virgin Valley Water District ("Virgin Valley") filed an opposition (Doc. #153) to which defendants replied (Doc. #165).

**I.  Facts and Background**

Virgin Valley is a political subdivision of the State of Nevada and is responsible for the care and maintenance of underground residential water service lines in and around Mesquite, Nevada. This action arises out of Virgin Valley's allegations that the high-density water pipe used in the construction of the underground water service lines was defectively designed and/or manufactured by defendants.

---

[1] Refers to the court's docket entry number.

On February 13, 2009, Virgin Valley filed a complaint against defendants for damages resulting from the leak of defendants' manufactured polyethylene pipe. Doc. #1. On February 16, 2010, Virgin Valley filed an amended complaint against defendants alleging six causes of action: (1) products liability; (2) strict products liability; (3) breach of implied warranty; (4) breach of warranty of merchantability; (5) negligence; and (6) negligent misrepresentation. Doc. #79. Thereafter, defendants filed the present motion for partial summary judgment as to damages that violate the economic loss doctrine and as to speculative damages. Doc. #135.

**II.     Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the

2

outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

In their motion, defendants argue that Virgin Valley's claims for product liability, strict product liability, and negligence should be dismissed because the damages sought under these claims violate the economic loss doctrine. *See* Doc. #135. Further, defendants argue that Virgin Valley's future damage calculations should be dismissed as speculative. *Id*. The court shall address each argument below.

**A. Economic Loss Doctrine**

"The economic loss doctrine marks the fundamental boundary between contract law, which is designed to enforce the expectancy interests of the parties, and tort law, which imposes a duty of reasonable care and thereby encourages citizens to avoid causing physical harm to others." *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) (quotation ommitted) (overruled on other grounds by *Olson v. Richard*, 89 P.3d 31 (Nev. 2004) (en banc)). The economic loss doctrine prohibits unintentional tort actions in which the plaintiff seeks to recover purely economic losses. *Terracon Consultants W., Inc. v. Mandalay Resort Group*, 206 P.3d 81, 86 (Nev. 2009) (en banc). The Nevada Supreme Court has applied the economic loss doctrine in product liability cases as well as negligence cases unrelated to product liability. *See Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 879 (9th Cir. 2007). The primary purpose of the economic loss doctrine is "to shield the defendant from unlimited liability for all of the economic consequences of a negligent act,

3

particularly in a commercial or professional setting, and thus keep the risk of liability reasonably calculable." *Terracon*, 206 P.3d at 86-87 (quotation ommitted).

The first step in determining whether the economic loss doctrine prohibits recovery is to ascertain whether the damages are purely economic in nature. *Terracon*, 206 P.3d at 86. Purely economic loss is a term of art that does not refer to all economic loss, but only to economic loss not recoverable as damages in a normal contract suit. *Giles*, 494 F.3d at 877 (citing *Calloway*, 993 P.2d at 1263). A purely economic loss is "the loss of the benefit of the user's bargain including pecuniary damage for inadequate value, the cost of repair and replacement of the defective product, or consequent loss of profits, without any claim of personal injury or damage to other property." *Calloway*, 993 P.2d at 1263 (quotations omitted).

Economic losses therefore are not recoverable "absent personal injury or damage to property other than the defective entity itself." *Calloway*, 993 P.2d at 1267. For instance, the economic loss doctrine bars recovery in tort when a defective product injures only itself because the tort concern for safety is minimized and such a claim naturally is understood as a warranty claim. *Id*. at 1264. The same reasoning applies when an integral component of a larger product causes damage to the product itself because "the injury suffered - the failure of the product to function properly - is the essence of a warranty action, through which a contracting party can seek to recoup the benefit of its bargain." *Id*. at 1267 (quotation omitted).

Defendants argue that the damages sought by Virgin Valley are repair and replacement costs related to the allegedly leaking pipes, and as such, these damages are purely economic in nature and cannot be recovered under Virgin Valley's tort claims. *See* Doc. #135. The court has reviewed the documents and pleadings on file in this matter and finds that the damages related to Virgin Valley's claims for product liability, strict product liability, and negligence are squarely within the realm of economic loses as they arise solely from the repair and replacement of defendants' defective pipe. *See e.g., City of San Diego v. Amoco Chemical Co.*, 1999 WL

4

33548157, *2 (S.D. Cal. 1999) (holding that the cost to repair and replace defective pipes are within the classic definition of economic damage). Further, the court finds that there is no evidence of separate property damage resulting from the defective pipes which would preclude the application of the economic loss doctrine. Rather, Virgin Valley has a completely compensable remedy available to it through its non-tort remedies. Accordingly, on the basis of the economic loss doctrine, the court shall grant defendants' motion for summary judgment as to Virgin Valley's product liability, strict product liability, and negligence claims.

### B. Speculative Damages

Defendants argue that Virgin Valley's future damages calculations, including roughly $20,000,000 for future re-paving and repair costs, are entirely unsupported and speculative, and as such, should be denied as a matter of law. *See* Doc. #135.

Taking all of the evidence in the light most favorable to Virgin Valley as the non-moving party, the court finds that the calculated future damages are not speculative. The damages are based on Virgin Valley's retained experts' reports and opinions. Although defendants' contest the damage calculations with retained experts of their own, the methodology used in calculating future damages used by Virgin Valley's experts, as the non-moving party, is assumed to be the appropriate methodology for computation of damages. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

Defendants also argue that the damages computation is speculative because Virgin Valley's experts cannot unequivocally calculate the exact cost of future repairs based on pipes that have yet to fail. "Damages, however, are not speculative simply because they cannot be ascertained with mathematical precision." *Health Call of Detroit v. Atrium Home & Health Care Services, Inc.*, 706 N.W.2d 843, 852 (Mich. 2005). Based on the record before the court, and the documents and pleadings on file in this matter, the court finds that Virgin Valley's future damage calculations are not so speculative as to warrant denial as a matter of law. Accordingly, the court shall deny

defendants' motion in this regard.

IT IS THEREFORE ORDERED that defendants' partial motion for summary judgment number 6 (Doc. #135) is GRANTED in-part and DENIED in-part in accordance with this order. Plaintiff's first cause of action for product liability, second cause of action for strict product liability, and fifth cause of action for negligence are DISMISSED from this action.

IT IS SO ORDERED.

DATED this 19th day of January, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE