UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

VIRGIN VALLEY WATER DISTRICT,

    Plaintiff,

v.

VANGUARD PIPING SYSTEMS (CANADA), INC.; et al.,

    Defendants.

2:09-cv-00309-LRH-PAL

ORDER

Before the court is defendants VG Pipe, LLC; Viega, LLC; and Viega NA, Inc.'s (collectively "defendants") motion for partial summary judgment number 1 as to $12,000,000 in damages for future secondary street re-paving. Doc. #121.[1] Plaintiff Virgin Valley Water District ("Virgin Valley") filed an opposition (Doc. #140) to which defendants replied (Doc. #158).

**I.   Facts and Background**

Virgin Valley is a political subdivision of the State of Nevada and is responsible for the care and maintenance of underground residential water service lines in and around Mesquite, Nevada. This action arises out of Virgin Valley's allegations that the high-density water pipe used in the construction of its underground water service lines was defectively designed and/or manufactured by defendants.

On February 13, 2009, Virgin Valley filed a complaint against defendants for damages

---

[1] Refers to the court's docket entry number.

resulting from the leak of defendants' manufactured polyethylene pipe. Doc. #1. On February 16, 2010, Virgin Valley filed an amended complaint against defendants alleging six causes of action: (1) products liability; (2) strict products liability; (3) breach of implied warranty; (4) breach of warranty of merchantability; (5) negligence; and (6) negligent misrepresentation. Doc. #79. Thereafter, defendants filed the present motion for partial summary judgment as to Virgin Valley's claim for $12,000,000 for future secondary re-paving expenses.[2] Doc. #121.

## II.     Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson*

---

[2] The damage claim for future secondary re-paving expenses is based on the future re-paving of streets in Mesquite, Nevada where Virgin Valley has yet to replace a leaking pipe and re-patch the street.

*Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

During discovery, Virgin Valley provided defendants with its final damage calculation. Included in that supplemental disclosure is a claim for $12,000,000 in future secondary re-paving expenses. Defendants argue that they are entitled to judgment as a matter of law on that claim because: (1) Virgin Valley does not have standing to assert a claim for street re-paving because Virgin Valley does not own the streets at issue; (2) the damage claim was untimely; and (3) the $12,000,000 claim is entirely speculative. *See* Doc. #121. The court shall address each argument below.

**A. Standing**

Defendants argue that because Virgin Valley does not own the roads at issue, and as such, it does not have standing to sue for the costs of re-paving the streets affected by the repair and replacement of defendants' allegedly defective product. *See* Doc. #121.

The court has reviewed the documents and pleadings on file in this matter and finds that Virgin Valley has standing to assert its claim for future secondary street re-paving. Virgin Valley is a state agency that operates the residential and business water district in Mesquite, Nevada. Virgin Valley has a possessory right to use the roads of Mesquite for the purpose of building, repairing, and maintaining its pipe network. Further, Virgin Valley has an obligation to repair damage to the

3

streets caused during the replacement and repair of its underground pipes. Therefore, the court finds that Virgin Valley has standing to assert a claim for street re-paving costs associated with the repair and replacement of defendants' allegedly defective underground pipe.

### B. Timeliness

Defendants argue that Virgin Valley's claim for future secondary street re-paving was not disclosed until less than a month before the discovery cut-off date and was therefore untimely under the Federal Rules of Civil Procedure. *See* Doc. #121.

Federal Rule of Civil Procedure 26 requires a party to provide a damage computation as an initial disclosure. FED. R. CIV. P. 26(a)(1)(iii). Further, Rule 26(e)(1) requires a party to supplement its initial disclosures if the initial disclosures were incomplete or incorrect. FED. R. CIV. P. 26(e)(1). Information required to be provided under Rule 26 is properly excluded by the court if it was not disclosed to the opposing party unless the failure to disclose was substantially justified or was harmless. FED. R. CIV. P. 37(c)(1); *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097, 1105 (9th Cir. 2004).

Here, the court finds that Virgin Valley's future secondary street re-paving damage claim was timely, and therefore, should not be excluded. The claim was provided to defendants as a supplemental disclosure to its original damage computation and was included with twelve other supplemental disclosures during the discovery period. The supplemental disclosure was based on Virgin Valley's retained experts' reports which were not available until at the time of initial disclosures. Further, the court finds that defendants were not prejudiced by the disclosure because there was still sufficient time in discovery to address the claim. Therefore, the court finds that the supplemental disclosure was timely.

### C. Speculative Damages

Defendants argue that Virgin Valley's claim for $12,000,000 in future secondary re-paving damages is unsupported and speculative, and as such, should be denied as a matter of law. *See*

Doc. #121. Specifically, defendants argue that there is no expert testimony supporting the claim for future re-paving expenses and that the underlying mathematical computation is based on unsupported figures.

Viewing all the evidence in the light most favorable to Virgin Valley as the non-moving party, the court finds that the calculated future damages are not speculative. The damages are based on Virgin Valley's retained experts' reports and opinions. Specifically, retained expert Leslie Henley's ("Henley") calculated price for re-pavement of $9,419.00 per patch multiplied by retained expert Peter Badala's ("Badala") projected number of future patches due to future failing pipes, 1326. *See* Doc. #140. Although defendants contend that there is no evidence to support these future pipe failings, Virgin Valley's retained experts opine that defendant's pipes will continue to leak for the next fifty years, and as such, there will be a need to re-pave subsequent patches. *See* Doc. #146, Exhibit 5. Further, damages are not improperly speculative simply because they cannot be ascertained with exact mathematical precision. *Health Call of Detroit v. Atrium Home & Health Care Services, Inc.*, 706 N.W.2d 843, 852 (Mich. 2005). Virgin Valley's damage claim is plainly presented and determinable. Therefore, based on the record before the court, and the documents and pleadings on file in this matter, the court finds that Virgin Valley's claim for future secondary re-paving damages is not so speculative as to warrant denial as a matter of law. Accordingly, the court shall deny defendants' motion.

IT IS THEREFORE ORDERED that defendants' partial motion for summary judgment number 1 (Doc. #121) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5