UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

VIRGIN VALLEY WATER DISTRICT,

    Plaintiff,

v.

VANGUARD PIPING SYSTEMS (CANADA), INC.; et al.,

    Defendants.

2:09-cv-00309-LRH-PAL

ORDER

Before the court is defendants VG Pipe, LLC; Viega, LLC; and Viega NA, Inc.'s (collectively "defendants") motion for partial summary judgment number 3 concerning fraud. Doc. #128.[1] Plaintiff Virgin Valley Water District ("Virgin Valley") filed an opposition (Doc. #145) to which defendants replied (Doc. #161).

Also before the court is defendants motion for partial summary judgment number 2 concerning punitive damages. Doc. #126. Virgin Valley filed an opposition (Doc. #147) to which defendants replied (Doc. #162).

**I.     Facts and Background**

Virgin Valley is a political subdivision of the State of Nevada and is responsible for the care and maintenance of underground residential water service lines in and around Mesquite, Nevada. This action arises out of Virgin Valley's allegations that the high-density water pipe used

---

[1] Refers to the court's docket entry number.

in its construction of underground water service lines was defectively designed and/or manufactured by defendants.

On February 13, 2009, Virgin Valley filed a complaint against defendants for damages resulting from the leak of defendants' manufactured polyethylene pipe. Doc. #1. On February 16, 2010, Virgin Valley filed an amended complaint against defendants alleging six causes of action: (1) products liability; (2) strict products liability; (3) breach of implied warranty; (4) breach of warranty of merchantability; (5) negligence; and (6) negligent misrepresentation. Doc. #79. Thereafter, defendants filed the present motions for partial summary judgment as to Virgin Valley's claim for negligent misrepresentation and request for punitive damages. Doc. ##126, 128.

## II.   Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to

2

facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

In their motion, defendants argue that Virgin Valley's claim for negligent misrepresentation should be dismissed because there is no evidence that they made a false representation of material fact about their polyethylene pipe. *See* Doc. #128. Further, defendants argue that because there is no evidence of fraud, Virgin Valley's claim for punitive damages should be dismissed as a matter of law. *See* Doc. #126. The court shall address each argument below.

**A.  Negligent Misrepresentation**

Nevada has adopted the Restatement (Second) of Torts definition of the tort of negligent misrepresentation. *See Scaffidi v. United Nissan*, 425 F. Supp. 2d 1159, 1169-70 (D. Nev. 2005). Restatement (Second) of Torts Section 522 provides that:

> One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon that information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

3

1 Thus, in Nevada, to establish a claim for negligent misrepresentation, a plaintiff must show (1) that
2 defendants made a false representation of material fact and (2) that the plaintiff relied on this
3 representation to his detriment. *Scaffidi*, 425 F. Supp. 2d at 1170; *see also Glen Holly*
4 *Entertainment, Inc. v. Tektronix, Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003).

5 Here, defendants labeled their pipe with the markings ASTM D-2737 and AWWA-C901[2]
6 thereby representing that their product complied with those national manufacturing specifications.
7 Further, defendants concede that they had a duty to ensure that their pipe was manufactured in
8 accordance with those national standards. However, defendants argue that they are entitled to
9 summary judgment because there is no evidence that the representations that their product
10 complied with national standards is false.

11 Viewing the evidence in the light most favorable to Virgin Valley as the non-moving party,
12 the court finds that defendants are not entitled to judgment as a matter of law on Virgin Valley's
13 negligent misrepresentation claim. There are disputed issues of material fact as to whether
14 defendants' product complied with national manufacturing standards and thus, whether defendants'
15 representation that their polyethylene pipe complied with national standards was false. Virgin
16 Valley's retained expert Dr. Robert Clark ("Dr. Clark") tested various pieces of defendants' pipe
17 for manufacturing defects. Dr. Clark testified in his deposition that roughly 25% of the tested pipe
18 did not comply with national manufacturing standards. *See* Doc. #128, Exhibit C. Clark Depo.,
19 p.8:11-13 ("There were manufacturing defects in 4 of the 17 leaking pipes that I looked at that
20 possibly contributed to the failure."). Further, Dr. Clark testified that the pipe should be de-rated
21 based on temperature and pressure issues and that marketing the pipes in such a condition was
22 misrepresenting their ability to withstand normal use in Mesquite, Nevada. *Id.*, p.78-79.
23 Accordingly, the court shall deny defendants partial motion for summary judgment as to Virgin

---

[2] ASTM D-2737 and AQQA-C901 are national manufacturing specification for polyethylene pipe that will be used to carry potable water to home sites. Marking a product with these specifications is an affirmation under the specification that the product complies with all requirements of the specification.

Valley's claim for negligent misrepresentation.

### B. Punitive Damages

Under Nevada law, in order to recover punitive damages, a plaintiff must show the defendant acted with oppression, fraud or malice. *Pioneer Chlor Alkali Co. v. National Union Fire Ins. Co.*, 863 F.Supp. 1237, 1250 (D. Nev. 1994). Oppression is a conscious disregard for the rights of others constituting cruel and unjust hardship. *Pioneer Chlor Alkali Co.*, 863 F.Supp. at 1251 (citing *Ainsworth v. Combined Ins. Co. of America*, 763 P.2d 673, 675 (Nev. 1988)). Malice is conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights and safety of others. *See* NRS § 42.005(1).

Viewing the evidence in the light most favorable to Virgin Valley, the court finds that there is a basis to support Virgin Valley's claim for punitive damages. There are sufficient facts for a reasonable juror to infer that defendants knowingly stamped their pipes with manufacturing labels representing that the pipes complied with national standards when in fact roughly 25% of the manufactured pipes failed to meet those standards in conscious disregard for the harm such non-complying pipes could cause in residential use. *See* Doc. #128, Exhibit C, Clark Depo., p.8:11-13. Accordingly, the court shall deny defendants' motion for summary judgment in this regard.

IT IS THEREFORE ORDERED that defendants' partial motion for summary judgment number 2 (Doc. #126) and partial motion for summary judgment number 3 (Doc. #128) are DENIED.

IT IS SO ORDERED.

DATED this 5th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE