1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                              DISTRICT OF NEVADA

7                                      * * *

8   VIRGIN VALLEY WATER DISTRICT,        )
                                         )
9                Plaintiff,              )        2:09-cv-00309-LRH-PAL
                                         )
10  v.                                   )
                                         )        ORDER
11  VANGUARD PIPING SYSTEMS              )
    (CANADA), INC.; et al.,              )
12                                       )
                 Defendants.             )
13  _____ )

14          Before the court is defendants VG Pipe, LLC; Viega, LLC; and Viega NA, Inc.'s

15  (collectively "defendants") motion for partial summary judgment number 7 concerning warranties.

16  Doc. #136.[1] Plaintiff Virgin Valley Water District ("Virgin Valley") filed an opposition

17  (Doc. #152) to which defendants replied (Doc. #164).

18  **I.      Facts and Background**

19          Virgin Valley is a political subdivision of the State of Nevada and is responsible for the

20  care and maintenance of underground residential water service lines in and around Mesquite,

21  Nevada. This action arises out of Virgin Valley's allegations that the high-density water pipe used

22  in its construction of underground water service lines was defectively designed and/or

23  manufactured by defendants.

24          On February 13, 2009, Virgin Valley filed a complaint against defendants for damages

25

26  _____

        [1] Refers to the court's docket entry number.

resulting from the leak of defendants' manufactured polyethylene pipe. Doc. #1. On February 16, 2010, Virgin Valley filed an amended complaint alleging six causes of action: (1) products liability; (2) strict products liability; (3) breach of implied warranty of fitness for a particular purpose; (4) breach of warranty of merchantability; (5) negligence; and (6) negligent misrepresentation. Doc. #79. Thereafter, defendants filed the present motion for partial summary judgment as to Virgin Valley's claims for breach of the implied warranties of fitness for a particular purpose and merchantability. Doc. #136.

**II.    Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the

2

1    outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

2    (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is

3    not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material

4    fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for

5    the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of

6    evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute;

7    there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

8    **III.   Discussion**

9        In their motion, defendants argue that they are entitled to summary judgment on Virgin

10   Valley's claims for breach of the implied warranties of fitness for a particular purpose and

11   merchantability because there is an express limited warranty on the polyethylene pipe which

12   specifically disclaims the implied warranties and thereby precludes Virgin Valley's claims.

13       **A.  Warranty Disclaimer**

14       Under the Nevada[2] Uniform Commercial Code ("UCC"), "there is an implied warranty that

15   a good is merchantable and suitable for a particular purpose." *Vacation Vill., Inc. v. Hitachi Am.,*

16   *Ltd.*, 874 P.2d 744, 747 (Nev. 1994) (citing NRS §§ 104.2314-2315). A manufacturer may disclaim

17   the implied warranties of fitness for a particular purpose and merchantability only if the express

18   warranty specifically and conspicuously mentions the implied warranties. NRS §§ 104.2315,

19   104.2316(3)(a); *see also, Sierra Diesel Injection Serv., Inc. v. Burroughs Corp., Inc.*, 890 F.2d 108,

20   113 (9th Cir. 1989) (NRS 104.2316 provides that the implied warranties may be disclaimed,

21   modified or excluded by using appropriate and conspicuous language).

22       Here, the undisputed evidence establishes that there was an express limited warranty on

23   defendants' manufactured polyethylene pipe which specifically and conspicuously disclaims the

24

25       [2] Because jurisdiction in this action is based on the diversity of citizenship between the parties, the court

26   applies the substantive law of the State of Nevada. *See Conestoga v. Servs. Corp. v. Executive Risk Indem.*, 312 F.3d 976, 980-81 (9th Cir. 2002).

implied warranties. Doc. #136, Exhibit B. The express limited warranty states in pertinent part:

> THE ABOVE LIMITED WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.

Doc. #136, Exhibit B. Virgin Valley concedes that this disclaimer satisfies the language and conspicuous requirements to disclaim the implied warranties. *See* Doc. #152. Therefore, the court finds that defendants have sufficiently disclaimed the implied warranties.

### B. Express Limited Warranty

Because there is an express limited warranty that disclaims the implied warranties of fitness for a particular purpose and merchantability, defendants argue that they are entitled to judgment as a matter of law on Virgin Valley's related claims. *See* Doc. #136. In opposition, Virgin Valley argues that summary judgment is inappropriate because neither it, nor the contractors who purchased the polyethylene pipe on behalf of Virgin Valley, had knowledge of the express limited warranty at the time the pipe was purchased. *See e.g., Sellman Auto, Inc. v. McCowan*, 513 P.2d 1128, 1230 (Nev. 1973) ("Where the existence of a disclaimer is unknown to the purchaser, the disclaimer is ineffective.").

Viewing the evidence in the light most favorable to Virgin Valley as the non-moving party, the court finds that there are disputed issues of material fact relating to Virgin Valley's knowledge of the express limited warranty which preclude summary judgment. William Godwin, the manufacturers' sales representative for the polyethylene pipe, testified in his deposition that the warranty cards containing the disclaimer are kept in the sales representatives' product binders along with other product information. Doc. #136, Exhibit 2, Godwin Depo., p.48-49. These product binders and warranty cards are only provided to the distributors of the polyethylene pipe if such information is specifically requested by the distributor. *Id*. at p.50-51. Here, there is no evidence that such information was requested by

4

the distributors or that the product binders and accompanying warranty cards were shipped to the distributor along with the distributor's product. *See Id*.

Additionally, there is no evidence that the contractors who purchased the pipe had knowledge of the disclaimer at the time of purchase. The contractors' purchase agreements and sales invoices make no mention of the express limited warranty or any warranty disclaimer. *See* Doc. #136, Exhibit 5; Doc. #136, Exhibit 6. Further, there is no evidence that the distributors made mention of the express limited warranty at any time during the sale of the polyethylene pipe. Therefore, based on the record before the court, the court finds that there are disputed issues of material fact relating to Virgin Valley's knowledge of the express limited warranty which preclude summary judgment. Accordingly, the court shall deny defendants' motion.

IT IS THEREFORE ORDERED that defendants' partial motion for summary judgment number 7 (Doc. #136) is DENIED.

IT IS SO ORDERED.

DATED this 7th day of March, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5