UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VIRGIN VALLEY WATER DISTRICT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>VANGUARD PIPING SYSTEMS<br>(CANADA), INC.; et al.,<br><br>　　　　Defendants. | 2:09-cv-00309-LRH-PAL<br><br><u>ORDER</u> |

Before the court is plaintiff Virgin Valley Water District's ("Virgin Valley") motion to strike the affidavits of William H. Seiler, Jr. ("Seiler").[1] Doc. #166.[2] Defendants VG Pipe, LLC; Viega, LLC; and Viega NA, Inc.'s (collectively "defendants") filed an opposition (Doc. #167) to which Virgin Valley replied (Doc. #168).

**I.　Facts and Background**

Virgin Valley is a political subdivision of the State of Nevada and is responsible for the care and maintenance of underground residential water service lines in and around Mesquite, Nevada. This action arises out of Virgin Valley's allegations that the high-density water pipe used in its construction of underground water service lines was defectively designed and/or manufactured by defendants.

---

[1] The affidavits are attached as exhibits to defendants replies to their motions for partial summary judgment number 2 regarding punitive damages (Doc. #161) and number 3 regarding fraud (Doc. #162).

[2] Refers to the court's docket entry number.

On February 13, 2009, Virgin Valley filed a complaint against defendants for damages resulting from the leak of defendants' manufactured polyethylene pipe. Doc. #1. In response, defendants filed a series of motions for partial summary judgment including the relevant motions for partial summary judgment number 2 regarding punitive damages and number 3 regarding fraud. Doc. ##126, 128. Virgin Valley opposed both motions. Doc. ##145, 147. Defendants filed reply briefs in which they attached the Seiler affidavits. *See* Doc. #161, Exhibit M; Doc. #162, Exhibit P. Thereafter, Virgin Valley filed the present motion to strike the Seiler affidavits arguing that the affidavits provide new evidence that had not been previously disclosed. *See* Doc. #166.

**II.   Discussion**

The court may strike a filing for "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Virgin Valley argues that the Seiler affidavits are impertinent documents because they provide new evidence on behalf of the defendants that was not provided during discovery. Therefore, Virgin Valley argues that the affidavits should be struck from the record and not considered by the court in addressing the motions for partial summary judgment.

The court has already considered and denied the motions for summary judgment. *See* Doc. #174. Thus, the court finds it unnecessary to strike the Seiler affidavits. Therefore, the court shall deny Virgin Valley's motion to strike as moot.

IT IS THEREFORE ORDERED that plaintiff's motion to strike (Doc. #166) is DENIED as moot.

IT IS SO ORDERED.

DATED this 13th day of March, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE