UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VIRGIN VALLEY WATER DISTRICT,<br><br>    Plaintiff,<br><br>v.<br><br>VANGUARD PIPING SYSTEMS (CANADA), INC.; et al.,<br><br>    Defendants. | 2:09-cv-00309-LRH-PAL<br><br>ORDER |

    Before the court is plaintiff Virgin Valley Water District's ("Virgin Valley") motion for reconsideration of the court's January 19, 2011 order granting in-part and denying in-part defendants VG Pipe, LLC; Viega, LLC; and Viega NA, Inc.'s (collectively "defendants") motion for partial summary judgment number 6 as to damages that violate the economic loss doctrine (Doc. #172[1]). Doc. #175. Defendants filed an opposition (Doc. #176) to which Virgin Valley replied (Doc. #179).

**I.    Facts and Background**

    Virgin Valley is a political subdivision of the State of Nevada and is responsible for the care and maintenance of underground residential water service lines in and around Mesquite, Nevada. This action arises out of Virgin Valley's allegations that the high-density water pipe used in the construction of the underground water service lines was defectively designed and/or manufactured

---

[1] Refers to the court's docket entry number.

by defendants.

On February 13, 2009, Virgin Valley filed a complaint against defendants for damages resulting from the leak of defendants' manufactured polyethylene pipe. Doc. #1. On February 16, 2010, Virgin Valley filed an amended complaint against defendants alleging six causes of action: (1) products liability; (2) strict products liability; (3) breach of implied warranty; (4) breach of warranty of merchantability; (5) negligence; and (6) negligent misrepresentation. Doc. #79.

In response, defendants filed a series of partial motions for summary judgment including their motion for partial summary judgment number 6 as to damages that violate the economic loss doctrine. Doc. #135. On January 19, 2011, the court issued an order granting in-part and denying in-part defendants' motion for summary judgment. Doc. #19. In the court's order, the court found that Virgin Valley's requested damages are purely economic in nature because they arise solely from the repair and replacement of the alleged defective pipe and, therefore, Virgin Valley's claims for product liability, strict products liability, and negligence are precluded by the economic loss doctrine. *Id*. Thereafter, Virgin Valley filed the present motion for reconsideration of the court's order. Doc. #175.

**II.    Discussion**

Virgin Valley brings its motion for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure. Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Virgin Valley argues that the court erred in finding that its claim for damages was economic in nature because there is evidence in the record establishing property damage that was separate from the repair and replacement of the leaking pipes. *See* Doc. #175. Therefore, Virgin

1  Valley argues that the court erred in finding that the economic loss doctrine does bar its related tort
2  claims.
3       Initially, the court notes that the present motion does not involve any newly discovered
4  evidence, a change in intervening law, or some other intervening development. This motion is
5  substantially identical as to both fact and law to Virgin Valley's opposition to defendants' motion
6  for partial summary judgment number 6. Thus, the court had before it all of the facts, documents,
7  deposition testimony, and legal arguments raised in the present motion. As such, the court finds
8  that Virgin Valley has failed to satisfy the requirements for reconsideration under Rule 59. *See*
9  *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005) ("Reconsideration is not
10 an avenue to re-litigate the same issues and arguments upon which the court already has ruled.").
11      Additionally, the court finds that it did not err in dismissing Virgin Valley's tort claims
12 under the economic loss doctrine. The economic loss doctrine prohibits unintentional tort actions in
13 which the plaintiff seeks to recover purely economic losses. *Terracon Consultants W., Inc. v.*
14 *Mandalay Resort Group*, 206 P.3d 81, 86 (Nev. 2009) (en banc). In the court's prior order, the
15 court, after a thorough review of the record including the deposition testimony highlighted in the
16 present motion, found that the damages related to Virgin Valley's claims are squarely within the
17 realm of economic losses as they arise solely from the repair and replacement of the defective pipe,
18 and that there was no supportable evidence of separate property damage that would preclude the
19 application of the economic loss doctrine. Doc. #172. In crafting its order, and the other orders
20 recently issued, the court was careful not to limit Virgin Valley's overall claim for damages, but to
21 simply identify the remaining issues for trial. Moreover, the court was clear in its order that all the
22 damages sought by Virgin Valley, including street repair damages, were completely compensable
23 under its remaining causes of action. *See* Doc. #172. Therefore, the court finds that reconsideration
24 of the court's prior order is not warranted.
25 ///
26

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #175) is DENIED.

IT IS SO ORDERED.

DATED this 19th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE